SCANNED
DATE 6/21/04
FDW

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 JUN 15 P 4: 24
C.A.No.:
U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| COMMERCE INSURANCE CO., INC. AS SUBROGEE OF MARK LLOYD AND SANDY LLOYD<br>Plaintiff | )<br>)<br>)<br>) |
| Vs. | )<br>) |
| SAMSUNG ELECTRONICS AMERICA, INC.,<br>Defendant | )<br>)<br>) |

### DEFENDANT'S ANSWER TO THE PLAINTIFF'S COMPLAINT AND CLAIM FOR JURY TRIAL

1. The defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph.

2. The defendant, Samsung Electronics America, Inc. admits that it is a corporation that has offices at 400 Valley Road, Mount Arlington, New Jersey, but denies that its resident agent is Corporation Service Company, 84 State Street, Boston, Massachusetts. The defendant further states that the remainder of this paragraph contains conclusions of law; and as such, the defendant is not required to respond. If it is later determined that such a response is necessary, said defendant denies each and every allegation contained in this paragraph

3. The defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph.

4. The defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph.

5. The defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph.

6. The defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph.

7. The defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in this paragraph.

8. The defendant denies the allegations contained in this paragraph.

9. The defendant denies the allegations contained in this paragraph.

10. The defendant denies the allegations contained in this paragraph.

## COUNT I

### BREACH OF WARRANTY

11. The defendant realleges and reavers its answers to paragraphs one (1) through ten (10) of the complaint and by reference incorporate them herein.

12. The defendant denies the allegations contained in this paragraph.

## COUNT II

### NEGLIGENCE

13. The defendant realleges and reavers its answers to paragraphs one (1) through twelve (12) of the complaint and by reference incorporates them herein.

14. The defendant denies the allegations contained in this paragraph.

15. The defendant denies the allegations contained in this paragraph.

## COUNT III

### CHAPTER 93A VIOLATION

16. The defendant realleges and reavers its answers to paragraphs one (1) though fourteen (14) of the complaint and by reference incorporates them herein.

17. The defendant denies the allegations contained in this paragraph.

**FIRST DEFENSE**

The defendant states pursuant to Fed. R.C.P. 12(b)(6) that the plaintiff fails to state a claim upon which relief can be granted against the defendant.

### SECOND DEFENSE

And further answering, the defendant states pursuant to Mass. R. C.P. 12(b)(4) that the process was insufficient.

### THIRD DEFENSE

And further answering, the defendant states pursuant to Mass. R.C.P. 12(b)(5) that the service of process was insufficient.

### FOURTH DEFENSE

And further answering, the defendant states pursuant to Fed. R.C.P. 12(b)(2) that there is a lack of jurisdiction over the defendant.

### FIFTH DEFENSE

And further answering, the defendant states that the plaintiff is barred from recovery because this action was not brought within the time specified by the General Laws of this Commonwealth.

### SIXTH DEFENSE

And further answering, the defendant states that the plaintiff is not entitled to maintain this action for the reason that at the time set forth in the complaint the plaintiff and/or its subrogors were not in the exercise of due care and the damages alleged were caused in whole or in part by the negligence of the plaintiff and/or its subrogors to a degree greater than any alleged negligence of the defendant.

### SEVENTH DEFENSE

And further answering, the defendant states that the negligence of the plaintiff and/or its subrogors contributed in some degree to the cause of the accident; wherefore, the damages, if any,

awarded to the plaintiff and/or its subrogors should be diminished and reduced in accordance with the law.

## EIGHTH DEFENSE

And further answering, the defendant states that the intervening act of a third party was the proximate cause of the alleged damage to the plaintiff and/or its subrogors.

## NINTH DEFENSE

And further answering, the defendant states that the negligent acts or omissions and/or breaches of warranties complained of were committed, if at all, by a third party for whose actions the defendant is not legally responsible.

## TENTH DEFENSE

And further answering, the defendant states that even if there was a defect in the product attributable to the defendant, which the defendant specifically denies, the plaintiff is barred from recovery because the plaintiff's subrogors unreasonably proceeded to use the product known to be defective and dangerous, which conduct was the proximate cause of damage to the plaintiff and/or its subrogors.

## ELEVENTH DEFENSE

And further answering, the defendant states that if the defendant was in breach of any warranty to the plaintiff and/or its subrogors, which the defendant expressly denies, then the plaintiff and/or its subrogors has failed to give the defendant due and seasonable notice of said breach of warranty, to the prejudice of the defendant and the plaintiff and/or its subrogors are thereby barred from recovery.

## TWELFTH DEFENSE

And further answering, the defendant denies that any warranty or fitness for a particular purpose arose as the defendant denies it knew of the particular purpose for which the product was intended to be used by the plaintiff and/or plaintiff's subrogors and the defendant further denies that

the plaintiffs and/or its subrogors relied on the defendant, its agents' or servants' skill or judgment in selecting the product.

### THIRTEENTH DEFENSE

And further answering, the defendant states that even if the defendant developed, designed, manufactured, assembled, inspected, tested, packaged, distributed, advertised, marketed, provided with warnings/instructions, warranted and sold the product which is the subject matter of the complaint, allegations which the defendant specifically denies, then the plaintiff and/or plaintiff's subrogors did not rely on said warranties in the purchase or use of said product.

### FOURTEENTH DEFENSE

And further answering, the defendant states that even if the defendant developed, designed, manufactured, assembled, inspected, tested, packaged, distributed, advertised, marketed, provided with warnings/instructions, warranted and sold the product which is the subject matter of the complaint, allegations which the defendant specifically denies, the product was defect free and conformed with the best technology reasonably available and feasible for use at the time of manufacture and sale.

### FIFTEENTH DEFENSE

And further answering, the defendant states that even if the defendant developed, designed, manufactured, assembled, inspected, tested, packaged, distributed, advertised, marketed, provided with warnings/instructions, warranted and sold the product which is the subject matter of the complaint, allegations which the defendant specifically denies, the plaintiff's injuries are as a result of an unforeseeable misuse of the product

### SIXTEENTH DEFENSE

And further answering, the defendant states that there was and is no privity of contract between the defendant and the plaintiff and/or its subrogors.

### SEVENTEENTH DEFENSE

And further answering, the defendant states that the warranty/warranties alleged by the plaintiff did not arise under any contract with the defendant or any contract alleged or implied.

### EIGHTEENTH DEFENSE

And further answering, the defendant states that there was and is no consideration for the warranty/warranties alleged by the plaintiff.

### NINETEENTH DEFENSE

And further answering, the defendant states that there is a failure of consideration with respect to the warranty/warranties alleged by the plaintiff.

### TWENTIETH DEFENSE

And further answering, the defendant states that it denies that it made any warranties of and kind, express or implied, to the plaintiff or to any person, firm or entity from whom the plaintiff and/or its subrogors are entitled to claim.

### TWENTY-FIRST DEFENSE

And further answering, the defendant states that the alleged warranty/warranties, express or implied, which the plaintiff alleges were made on behalf of this defendant were void due to a lack of authority to make such warranties, express or implied, on the part of any person, firm or entity making such warranties.

### TWENTY-SECOND DEFENSE

And further answering, the defendant states that at the time of the alleged injury, the product was not being used for the purpose or in the manner contemplated by the defendant, but for some independent purpose of the plaintiff and/or its subrogors or for some independent purpose of a third person, firm or entity; wherefore, the recovery of the plaintiff is barred.

### TWENTY-THIRD DEFENSE

And further answering, the defendant states that any warranties, express or implied, which may have been made by the defendant had expired and were no longer in force and effect at the time of the alleged injury.

### TWENTY-FOURTH DEFENSE

And further answering, the defendant states that the plaintiff is barred from recovery because the product had been altered or modified by some third person, firm or entity.

### TWENTY-FIFTH DEFENSE

And further answering, the defendant states that if the defendant gave any warranties, expressed or implied, the terms of any expressed warranty specifically limited the remedies and damages which the purchaser of the product is entitled to recover from the defendant, and the rights of the plaintiff and/or its subrogors for such recovery are likewise limited.

### TWENTY-SIXTH DEFENSE

And further answering, the defendant states that any sale of the product described in the plaintiff's Complaint by this defendant to any person, firm or entity, was made as part of a commercial transaction and any warranties, express or implied, upon which the plaintiff relies were disclaimed by this defendant in the course of said commercial transaction.

### TWENTY-SEVENTH DEFENSE

And further answering, the defendant states that the plaintiff's subrogors were not to this defendant a foreseeable user of the product described in the plaintiff's Complaint.

### TWENTY-EIGHTH DEFENSE

And further answering, the defendant states that at the time of the incident described in the plaintiff's Complaint, the plaintiff's subrogors were in violation of law, which violation is causally related to the injury sustained by the plaintiff's subrogors; wherefore, the recovery of the plaintiff is barred.

### TWENTY-NINTH DEFENSE

And further answering, the defendant states that the plaintiff has failed to comply with the conditions precedent to the bringing of this action as required by M.G.L.A. c. 93A.

### THIRTIETH DEFENSE

And further answering, the defendant states that the plaintiff and its representative acted in bad faith, and that her recovery, if any, under M.G.L. c. 93A should be reduced in proportion to the extent of their bad faith.

### THIRTY-FIRST DEFENSE

And further answering, the defendant states that the demand letter pursuant to M.G.L.A. c. 93A allegedly served upon the defendant was insufficient as a matter of law, and failed to comply with the conditions precedent to bringing this action as required by M.G.L.A. c. 93A. The alleged 93A letter was deficient for the following reasons:

    a. The demand letter did not specify with reasonable certainty the allegedly unfair or deceptive acts of the defendant which the plaintiff purports to be the basis of her claim pursuant to M.G.L.A. c. 93A;

    b. The alleged 93A letter at issue did not specify with reasonable certainty the injury allegedly suffered by the plaintiff as well as the relief requested;

    c. The alleged demand letter pursuant to M.G.L.A. c. 93A did not give reasonable notice to the defendant that a demand was being made pursuant to M.G.L.A. c. 93A with its provisions for the award of multiple damages and attorneys fees.

### THIRTY-SECOND DEFENSE

And further answering, the defendant states that the plaintiff has failed to act reasonably to mitigate the plaintiff's damages.

THE DEFENDANT CLAIMS A TRIAL BY JURY ON ALL ISSUES

*/s/ Thomas B. Farrey, III*

THOMAS B. FARREY, III/BBO159880
BROOKE P. SELIGER/BBO550947
Burns & Farrey
446 Main Street
Worcester, MA   01608
Tel. 508/756-6288

CERTIFICATE OF SERVICE

I, THOMAS B. FARREY, III AND/OR BROOKE P. SELIGER, hereby certify that I have this date mailed a copy of the within document, postage prepaid, to John F. Hurley, Jr., Esquire, 446 Main Street, Worcester, MA, 01608.

DATED:   June 15, 2004

*/s/ Thomas B. Farrey, III*
THOMAS B. FARREY, III
BROOKE P. SELIGER

(ch52.cg)